UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Respondent,

v.

                                        Case Number:  07-20025
PEDRO HERNANDEZ,                            Honorable Julian Abele Cook, Jr.

        Petitioner.

ORDER

On November 11, 2007, the Petitioner in this matter, Pedro Hernandez, pled guilty to violating 21 U.S.C. § 841(a) (i.e., distribution and/or possession with an intent to distribute one kilogram of cocaine). He was subsequently sentenced on March 31, 2008 to a term of 26 months in prison, having benefitted from the substantial assistance statute (to wit, 18 U.S.C. § 3553(e)) and the statutory safety valve (namely, 18 U.S.C. § 3553(f)). On August 12, 2008, Hernandez filed a post-conviction motion, seeking "to dismiss the indictment, to vacate and set aside the conviction and sentence, and/or alternatively to grant an evidentiary hearing for the purposes of dismissing the indictment . . . ." The United States ("Government") filed a response in opposition to his motion on August 25, 2008, to which Hernandez replied on September 12, 2008.

Before addressing the merits of Hernandez's motion, the Court first notes that his September 12, 2008 reply brief fails to comply with the Local Rules of this Court. E.D. Mich. LR 7.1(c)(3)(B) states that "[t]he text of a reply brief, including footnotes and signatures, may not

1

exceed 5 pages." Hernandez's reply brief is seventeen (17) pages in length and, thus, it will not be considered by the Court.

In his motion, it is the contention of Hernandez that "his trial counsel's performance deprived him of his constitutional rights to effective assistance of counsel, due process of law and a fair trial . . . ." In support of this assertion, he argues that his arrest was not based on probable cause and therefore any statements by him thereafter were "inculpatory statements . . . gathered as an illegal fruit of a Fourth Amendment violation . . . ." Hernandez also submits that he "did not make a knowing and voluntary plea because his plea was induced subsequent to an illegal arrest which in turn produced or provoked involuntary statements of an inculpatory nature . . . ."

The primary basis of Hernandez's claims regarding his arrest appears to be based on allegedly inaccurate translations of intercepted telephone calls from Spanish to English that "do not reveal any conversations concerning the possession, distribution, etc. *per se* of contraband narcotics." Hernandez maintains, without providing any evidence in support of this position, that "the synopsis interpretations are in fact not accurate translations of Spanish into English, but are in fact the edited comments of the federal police officer of so-called conversations conducted in non-standard Spanish." He also asserts that "the trial attorney never actually received copies of the alleged voice recordings of the Defendant, and therefore, not understanding them, he failed to have them submitted for authentication or accurate translation." This assertion is merely conclusory, in that it is not accompanied by evidence of any kind. Finally, Hernandez appears to accuse the Government of abusing its authority when he states the following:

> A reasonably scrupulous government prosecutor/AUSA, who does not speak standard or non-standard Spanish would not abuse his/her prosecutorial authority and would not offer such misleading translations of intercepted electronic communications alleged to be involving the Defendant and some other person to a

>magistrate or grand jury without authenticating the veracity of said electronic communications by independent authorities not associated with federal police agencies.

Once again, Hernandez has failed to offer any evidence in support of this serious accusation of misconduct by a Government representative.

In its response to Hernandez's motion, the Government initially notes that in pleading guilty to distributing and/or possessing with intent to distribute one kilogram of cocaine, Hernandez personally signed a written plea agreement in addition to completing the guilty plea questionnaire form of the Court in his own handwriting. In addition, the Government submits that Hernandez was neither deprived of constitutionally effective counsel nor has he satisfied the requisite "burden of showing that his attorney was ineffective . . . ." The Government also argues that Hernandez's motion to vacate "offers only the unsupported and conclusory statements of his new attorney to contradict [his sworn statement in open court and in writing that he was guilty]."

In order to prove a claim of ineffective assistance of counsel, a defendant must establish that his counsel's (1) performance was deficient and (2) deficiencies prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Under these circumstances, an accused, such as Hernandez who has pled guilty, can only establish prejudice by demonstrating a "reasonable probability" that but for his attorney's errors, he would not have pled guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In essence, Hernandez submits that a synopsis of the transcribed reports of his telephone conversations with other persons was translated incorrectly which, in turn, led to the issuance of a warrant for an arrest that was not based on probable cause. However, his motion, as well as the attachments, contain no evidence that support this assertion. For example, Hernandez has failed

to proffer a sworn affidavit which would support his claims that he is innocent of the offense to which he has pled guilty. Moreover, he has not provided the Court with any evidence which would give credence to his conclusory assertions that the challenged translations are inaccurate. In short, the Court concludes that Hernandez has not succeeded in meeting his burden of demonstrating a reasonable probability that but for his attorney's alleged failings, he would not have pled guilty but would have insisted on going to trial. *Hill*, 474 U.S. at 59.

For the reasons that have been stated above, the Court must, and does, deny Hernandez's motion. The Court also orders its Clerk to strike his September 12, 2008 reply from the docket.

IT IS SO ORDERED.

Dated: February 18, 2009         s/Julian Abele Cook, Jr.
       Detroit, Michigan        JULIAN ABELE COOK, JR.
                                United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 18, 2009.

                                s/ Kay Doaks
                                Case Manager